IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BYRON ANTHONY HORN,<br>    ID # 18101-077,<br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | No. 3:20-CV-544-M-BH<br>No. 3:16-CR-325-M(1)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 28, 2020 (doc. 1), should be **DENIED** with prejudice.

## I. BACKGROUND

Byron Anthony Horn (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-325-M(1). The respondent is the United States of America (Government).

### A. Conviction and Sentencing

After first being charged by complaint and indictment, on June 27, 2017, Movant pled guilty to a superseding information charging him with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* docs. 1, 3, 28, 31.)[2] In support of his guilty plea to each count, Movant submitted a factual resume, which set forth the elements of the charged counts, the maximum penalties he faced on those counts, and stipulated facts showing that he committed the charged counts. (*See* doc. 29.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-325-M(1).

The factual resume stated that Movant understood that the Government was not willing to allow him to plead to any charges other than the five charged counts in the superseding information, despite his request to do so. (*See id.* at 1, n.1.)[3] He understood and waived his rights to plead not guilty to the charged offenses, to have a speedy trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See id.* at 3.) He agreed that he understood the nature and elements of the offenses to which he was pleading guilty, and that the stipulated facts he provided regarding the five charged counts and three uncharged bank robberies were true and would be submitted as evidence. (*See id.* at 3-6.) The factual resume also stated that he had discussed the federal sentencing guidelines, how they might apply to his case, and the potential guideline range with counsel, and that he understood "that the conversations were about potential punishments and not a guarantee of what the punishment [would] be." (*Id.* at 2 & n.3.) He understood his sentence would be imposed solely by the Court after hearing all the evidence and arguments in the case, and after considering the sentencing guidelines and the sentencing factors under 18 U.S.C. § 3553(a). (*See id.*) He had thoroughly reviewed his constitutional rights, the facts of his case, the elements and penalties of the offenses, the sentencing guidelines, and the § 3553(a) factors with counsel. (*See id.* at 6.) He conceded that he was guilty of the five counts of the superseding information and concluded that it was in his best interests to plead guilty rather than to proceed to trial. (*See id.* at 6-7.)

At Movant's re-arraignment on June 27, 2017, the Court recognized that there was not a plea agreement in the case. (*See* doc. 62 at 12.) Movant acknowledged under oath that he

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

understood and had committed each of the essential elements of the five charged offenses. (*See id.* at 11.) He affirmed that he carefully read and discussed his factual resume with counsel, he was comfortable that he understood everything stated in it, and the stipulated facts set forth in it were true and correct. (*See id.* at 12-13, 15.) He also acknowledged that he understood the rights he was giving up by pleading guilty. (*See id.* at 4-6.) He affirmed his understanding that he should never depend or rely on any statement or promise, including from his counsel, as to some exact sentence he would receive because only the Court could decide his sentence. (*See id.* at 7.) He was advised that that Court must consider the advisory sentencing guidelines, any possible departures from the guidelines, and the § 3553(a) sentencing factors to determine his sentence. (*See id.* at 6-7.) He understood that the Court would impose his sentence after consideration of a presentence investigation report (PSR), which would include an advisory guideline calculation range of punishment, any objections to the PSR, and any evidence presented at his sentencing hearing. (*See id.* at 8.) Movant acknowledged that no one in any way tried to make him plead guilty, and that no one had made any promise or assurance of any kind to him to get him to plead guilty. (*See id.* at 12-13.) He acknowledged that by pleading guilty, he was subjecting himself to a maximum term of 20 years' imprisonment on each of the five counts, as well as fines and other penalties. (*See id.* at 14-15.) He pled guilty to the five counts of the superseding information, and the Court found that his guilty plea on all counts was knowing and voluntary. (*See id.* at 15-16; docs. 33, 35.)

On September 6, 2017, the United States Probation Office (USPO) prepared a PSR in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 37-1 at ¶ 41.) Noting that Movant had stipulated to an additional three uncharged bank robberies in his factual resume, the PSR determined that the three uncharged robberies would be treated as if he had been convicted of them for purposes of sentencing under U.S.S.G. § 1B1.2(c). (*Id.* at ¶ 42.) The PSR

3

grouped the five charged counts and the three uncharged counts into eight distinct "Groups of Closely Related Counts" under U.S.S.G. § 3D1.4 (Counts One through Eight). (*See id.*)

Applying U.S.S.G. § 2B3.1, the applicable guideline for offenses under 18 U.S.C. § 2113(a), the PSR calculated individual adjusted base offense levels for Counts One through Eight that ranged from 22 to 28, depending on the applicable enhancements for specific offense characteristics of each offense. (*See id.* at ¶¶ 43-97.) The adjusted base offense levels were 28 for Counts One, Four, and Seven; 27 for Count Five; 26 for Counts Two and Three; 25 for Count Six, and 22 for Count Eight. (*See id.* at ¶ 98.) Adjusting for multiple counts, five levels were added to the greatest adjusted offense levels of 28, and three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (*See id.* at ¶¶ 99-105.) Based on an offense level of 30 and a criminal history category of I, the guideline imprisonment range was 97 to 121 months. (*See id.* at ¶ 151.)

The Government and Movant filed objections to the PSR on September 20, 2017, and November 2, 2017, respectively. (*See* docs. 38, 41.) The Government objected to the PSR's firearm enhancements in Counts One, Four, Five, and Seven, arguing that there was insufficient evidence to support the assigned firearm enhancement, but there was sufficient evidence to support a lesser enhancement for otherwise using a dangerous weapon, which would result in a new total offense level of 28 and a guideline imprisonment range of 78 to 97 months. (*See* doc. 38 at 1-2.) Movant also objected to the PSR's firearm enhancements for the same counts, arguing that the lesser enhancement for brandishing or possessing a dangerous weapon should apply, which would result in a new total offense level of 27 and a guideline imprisonment range of 70 to 87 months. (*See* doc. 41 at 1-2.)

On November 3, 2017, the USPO issued an addendum to the PSR addressing the parties'

objections. (*See* doc. 42-1.) The addendum rejected the parties' objections and supported the PSR as written, except as to the objections to the firearm enhancement applied to Count Four. (*See id.* at 1-2.) The addendum agreed that the firearm enhancement did not apply to Count Four, and that the lesser enhancement for otherwise using a dangerous weapon applied instead, resulting in an adjusted offense level of 26 for Count Four. (*See id.* at 2.) This adjusted offense level did not impact the overall offense level or guideline calculations. (*See id.*) In response to the addendum, the Government renewed its objections to the firearm enhancements for Counts One, Five, and Seven on November 7, 2017. (*See* doc. 43.) On November 21, 2017, Movant also objected to the addendum, arguing that the lesser enhancement for otherwise using a dangerous weapon applied to Counts One, Four, Five, and Seven, which would result in a new total offense level of 28 and a guideline imprisonment range of 78 to 97 months. (*See* doc. 44 at 1-2.)

At the sentencing hearing on February 12, 2018, the Court sustained the parties' objections to the firearm enhancements, resulting in a total offense level of 28 and a guideline imprisonment range of 78 to 97 months. (*See* doc. 63 at 3-6.) Before hearing from the parties, the Court also gave notice that it was considering an upward departure or variance. (*See id.* at 5.) Movant argued for a sentence at the low end of the guideline range, and the Government argued for a sentence at the top. (*See id.* at 8, 14.) The Court determined that an upward variance was appropriate and sentenced Movant above the guideline range. (*See id.* at 18-19; doc. 61.) By a second amended judgment dated April 6, 2018, Movant was sentenced to 120 months' imprisonment on each of the five charged counts, to be served concurrently with each other and consecutively to any sentence imposed in an unrelated state court case, and to be followed by a two-year term of supervised release. (*See* doc. 61 at 1-3.) He was also ordered to pay $13,382.82 in restitution. (*See id.* at 5.) The United States Court of Appeals for the Fifth Circuit (Fifth Circuit) affirmed the judgment on

October 31, 2018. *See United States v. Horn*, 741 F. App'x 262 (5th Cir. 2018). The Supreme Court denied his petition for a writ of certiorari on March 4, 2019. *See Horn v. United States*, 139 S. Ct. 1302 (2019).

B. **Substantive Claims**

Movant asserts the following grounds for relief:

(1) Ineffective Assistance of Counsel by two court appointed attorneys: (1) <u>Aisha Dennis</u> (2) Jason Hawkins;

(2) Conviction obtained by plea of guilty which was unlawfully induced and untruthful [sic] explained as to the accurate consequences of the plea;

(3) Inapproached [sic] amount of time to prepare a statement to argue against the <u>change to agreement that was originally agreed upon</u>; and

(4) PSI – Presentencing Investigation did not calculate my points correctly. MISCALCULATION OF POINTS.

(No. 3:20-CV-544-M-BH, doc. 1 at 7-8 (emphasis in original).) The Government filed a response on May 4, 2020. (*See id.*, doc. 7.) Movant filed a reply on September 2, 2020. (*See id.*, doc. 9.)

## II. SCOPE OF RELIEF UNDER § 2255

Movant's first three grounds for relief appear to contend that counsel rendered ineffective assistance. (*See* No. 3:20-CV-544-M-BH, doc. 1 at 7.)

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising

6

the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. "[T]here is no procedural default for failure to raise an ineffective-assistance claim on direct appeal", however, because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be

7

determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

### A.     Agreement with the Government

In his first ground, Movant contends that the "counsel assigned to my case aggressively encouraged me to accept the offer to pleady [sic] guilty." (No. 3:20-CV-544-M-BH, doc. 1 at 7.) He claims that the "U.S. Assist [sic] Attorney made a [sic] offer and directed my attorney [ ] to present the offer from the U.S. Sentencing Guidelines to me." (*Id.*) He alleges that he "immediately accepted responsibility for [his] guilt and signed the agreement to accept the offer of 72 to 97 months." (*Id.*) He claims that his first counsel "encouraged me to sign immediately which would guarantee the agreement," and that his "signature on that agreement was not honored." (*Id.*)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "'When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice.'" *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

8

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted). A significant miscalculation between counsel's sentence estimate and the actual sentencing range can constitute deficient performance. *See id.* at 437 (finding that counsel was deficient for advising his client that he faced only 6 to 12 months' imprisonment if convicted based on his misunderstanding of the guidelines, when he actually faced a range of 70 to 87 months); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005) (stating that "[a]n attorney who underestimates his client's sentencing exposure by 27 months performs deficiently because he does not provide his client with the information needed to make an informed decision about accepting a plea offer or going to trial[,]" and remanding for determination of whether alleged misrepresentation was actually made).

Here, the record shows that Movant pled guilty without an agreement with the Government. (*See* doc. 29.) The factual resume expressly stated that its contents were stipulated and agreed to by Movant and his first trial counsel; the prosecutor did not sign it. (*See id.* at 1, 7.) At his re-arraignment, the Court noted that there was no plea agreement in the case and asked whether anyone had made any promise or assurance to him of any kind to get him to plead guilty, and Movant responded that no one had. (*See* doc. 62 at 13.) He has not provided any facts or evidence beyond conclusory and unsubstantiated statements to show the existence of any agreement with or promise by the Government as to his sentence. To the extent Movant's ineffective assistance of counsel claim is premised on the existence of an agreement with or promise by the Government as

to the length of his sentence, his claim is unsupported by the record and without merit. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Even assuming for purposes of this motion only that Movant's allegations are in reference to the factual resume he submitted rather than an agreement with the Government, and that counsel rendered deficient performance in representing how the sentencing guidelines would apply in his case as alleged, his claim still fails. Deficient performance is insufficient to establish relief under § 2255; *Strickland* also requires a showing of resulting prejudice. When a movant

> adduce[s] no proof that he was promised or assured of a specific sentence, but, rather, that counsel gave him his "best estimate" of what sentence might be given if he pled guilty . . . [and when] [t]he plea agreement and the record of the change of plea hearing are replete with references to the fact that the District Court would make the determinations with respect to his sentence under the sentencing guidelines, that the District Court could decline to follow recommendations, and that no promises had been made with respect to the sentence that the District Court would impose[,]

the district court properly denies relief for lack of prejudice. *United States v. Ritter*, 93 F. App'x 402, 404-05 (3d Cir. 2004); *see also United States v. Mackay*, Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895, at *26-27 (N.D. Tex. Mar. 6, 2007); *United States v. Collins*, No. 3:08-cv-606-WHB, 2009 WL 910842, at *6 (S.D. Miss. Apr. 1, 2009) (finding the movant failed to establish prejudice for counsel's failure to warn him about potential enhancements under the sentencing guidelines where the Court properly advised him of statutory maximum term of imprisonment).

Movant was advised both through his factual resume and by the Court in person that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of 20

years on each count. (*See* doc. 29 at 2; doc. 62 at 14-15.) He also stated in the factual resume that he had discussed with counsel the federal sentencing guidelines, how they applied to his case, and the potential guideline range, and that he understood the discussions were about potential punishments and not a guarantee of what punishment he would receive. (*See* doc. 29 at 2 & n.3.) He testified under oath at his re-arraignment that he had reviewed the factual resume carefully with counsel, and that he fully understood everything stated in it. (*See* doc. 62 at 12-13.) He swore in open court that no one had made him any promise or assurance of any kind to get him to plead guilty, and that no one in any way tried to make him plead guilty. (*See id.*) He also affirmed his understanding in the factual resume and at the re-arraignment that the Court alone would determine his sentence, and that his sentence would be imposed after the Court's consideration of the non-binding sentencing guidelines, the PSR, the argument and evidence at sentencing, and the sentencing factors under § 3553(a).[4] (*See* doc. 29 at 2 & n.3; doc. 62 at 6-8.)

Regardless of what his counsel told him about the sentencing guideline range applicable to his case, Movant cannot show prejudice under *Strickland* because his factual resume and responses under oath to the Court's questions show that he was clearly informed about and understood the consequences of his guilty plea, as well as how the guidelines might be applied if he pled guilty.

---

[4] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him despite making inconsistent representations in court when entering his plea. To be entitled to an evidentiary hearing, the movant must present evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* When the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," however, the Court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant has not provided evidence of the specific terms of any alleged promise, i.e., specifically where and when counsel made the promise that allegedly caused him to plead guilty, and he has not identified any eyewitness to the promise. Nor has he provided any independent indicia of the merit of any alleged promise. To the extent his § 2255 motion may be liberally construed as arguing that counsel promised he would receive a specific sentence, he has not demonstrated he is entitled to an evidentiary hearing or to relief on this basis.

Movant is not entitled to § 2255 relief on this ground, and his claim should be denied.

B.      **Consequences of Guilty Plea**

In his second ground, Movant contends that his "[c]onviction [was] obtained by plea of guilty which was unlawfully induced and untruthful [sic] explained as to the accurate consequences of the plea." (No. 3:20-CV-544-M-BH, doc. 1 at 7.) He argues that his second trial counsel "half hazardly [sic] and unlawfully induced the accuratcy [sic] of the consequences of the plea agreement." (*Id.*) According to him, "Twenty minutes before I enter the Judge [sic] to accept the U.S. Assist [sic] Attorney agreement [ ] [counsel] tells me that the U.S. Assist [sic] Attorney will not honor the agreement. There [sic] intension [sic] now was to argue for a more lengthy sentence." (*Id.*) Movant also claims that, "[i]n the 2 years waiting for sentencing was, [sic] sentencing above the guidelines, mentioned as a possibility[.]" (*Id.*) He appears to be claiming that his second trial counsel was ineffective for failing to advise him that he could receive an upward variance or otherwise receive a sentence outside of the applicable guideline range.

Even assuming for purposes of this motion only that counsel rendered deficient performance for failing to accurately and timely advise Movant of the possibility of a sentence above the guideline range, Movant must still show *Strickland* prejudice. As discussed, he was advised both through the factual resume and by the Court at his re-arraignment that by pleading guilty, he was subjecting himself to a statutory maximum period of imprisonment of 20 years on each of the five counts of the superseding information. (*See* doc. 29 at 2; doc. 62 at 14-15.) He also was advised in the factual resume that his sentence would be imposed after the Court's consideration of the sentencing guidelines, which were advisory and not binding, and that the Court could, in its discretion, sentence him to the statutory maximum penalties. (*See* doc. 29 at 2.) Movant swore in open court that he carefully reviewed and understood everything stated in the

factual resume, and that no promise or assurance was made to get him to plead guilty. (*See* doc. 62 at 12-13.)

Because Movant's factual resume and statements under oath show that he was clearly informed about and understood his maximum sentence exposure when he pled guilty, he cannot show *Strickland* prejudice based on his trial counsel's alleged statements about the consequences of his plea and its alleged timing.[5] Movant has failed to satisfy his burden under *Strickland*, and his claim should be denied.[6]

**C.    Upward Variance**

In his third ground, Movant appears to contend that there was an insufficient "amount of time to prepare a statement to argue against the change to agreement that was originally agreed upon." (No. 3:20-CV-544-M-BH, doc. 1 at 7 (emphasis omitted).) He argues that his counsel "did not inform me that a [sic] upward departure was the U.S. Attorney [sic] intensions [sic]." (*Id.*) According to Movant, counsel "knew about the upward departure, but did not tell me until 20 minutes before I entered the courtroom to present my plea", and that the Government "had a [sic] argument prepare [sic] stating why a [sic] upward sentence should be order [sic]." (*Id.*) He states

---

[5] Although Movant contends that counsel told him that "the U.S. Assist [sic] Attorney will not honor the agreement[,]" and that "[t]here [sic] intension [sic] now was to argue for a more lengthy sentence[,]" the record shows that there was no agreement between Movant and the Government, as discussed, and that the Government argued for a sentence at the top of the applicable range, not above it. (No. 3:20-CV-544-M-BH, doc. 1 at 7; *see also* doc. 63 at 14.)

[6] To the extent this claim may be liberally construed as challenging the voluntariness of his guilty plea, inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "official records are entitled to a presumption of regularity"). Movant has failed to overcome the presumption of verity given to his sworn statements in open court, and the great evidentiary weight accorded to court records. *See Blackledge*, 431 U.S. at 74. His contemporaneous factual resume and sworn statements before the Court contradict any allegations that he was unaware of the consequences of his plea due to counsel's alleged deficiencies. He has not shown that his guilty plea was involuntary, or a reasonable probability that he would have decided not to plead guilty and would have proceeded to trial absent counsel's alleged deficiencies. He is not entitled to § 2255 relief on this basis, and the claim should be denied.

that he was "discombobulate [sic] and speakless [sic]," that counsel "order[ed him] to be quiet", and that he "was not granted a [sic] opportunity to surely prepare [himself]" or to present character witnesses against an upward departure. (*Id.*; *see also id.*, doc. 9 at 3.)

As discussed, the record shows that there was no agreement between the Government and Movant regarding his sentence; even if there had been, the Government did not argue for or request an upward departure from the applicable guideline range, only a sentence at the top end of that range. (*See* doc. 63 at 14.) To the extent he claims that counsel rendered ineffective assistance by failing to timely inform him about the Government's alleged intentions to argue for an upward departure from the guidelines, Movant's conclusory and unsubstantiated allegations in support of his claim are refuted by the record and fail to demonstrate that he is entitled to § 2255 relief. *See Ross*, 694 F.2d at 1011; *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Additionally, any claim based on Movant's allegations that counsel told him to be quiet, and that he was not granted an opportunity to prepare himself or present character witnesses, asserted in relation to the Court's decision to vary upward from the guidelines also fails. (No. 3:20-CV-544-M-BH, doc. 1 at 7.) In advance of the sentencing hearing, counsel provided the Court with letters from Movant and a retired FBI agent, and a video with statements from family and friends on behalf of Movant. (*See* doc. 63 at 2-3, 5.) At the sentencing hearing, the Court gave the parties notice that it was considering an upward departure or variance. (*See id.* at 5.) Counsel argued for a sentence at the low end of the guideline range, and Movant was given the opportunity to speak directly to the Court on his own behalf directly about any matter he wished to bring to its attention. (*See id.* at 6-8.) He exercised that opportunity. (*See id.* at 8-12.) After hearing from both parties, and after considering the sentencing factors of § 3553(a), the Court determined that an

upward variance from the guideline range was appropriate. (*See id.* at 18-19.)

Finally, even assuming for purposes of this motion only that counsel rendered deficient performance as alleged, Movant must still show prejudice under *Strickland*. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

As noted, Movant provided letters and video from character witnesses and spoke directly to the Court on his own behalf for the purposes of sentencing. He has not provided any facts or evidence to show that his sentence would have been less harsh absent counsel's alleged deficiencies. Because conclusory allegations are insufficient to show ineffective assistance of counsel, his claim is without merit and should be denied. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

### IV.   MISAPPLICATION OF THE SENTENCING GUIDELINES

In his fourth ground, Movant contends that the PSR "did not calculate my points correctly." (No. 3:20-CV-544-M-BH, doc. 1 at 8.) He claims that his prison "case manager informed me that my guideline points are miscalculated," and that a "motion was filed by my attorney to drop the bank robbery with a fireman [sic] (gun) to a bank robbery with a note only." (*Id.*) He argues that the motion was granted, "[s]o, my charge should reflect that each charge is bank robbery with a note not a gun. Points should be reduced." (*Id.*) The Government argues that this claim is

procedurally barred, non-cognizable in this habeas proceeding, and without merit. (*See id.*, doc. 7 at 8-10.)

As noted, movants may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.* Movant does not allege or show cause or prejudice for his default, or that he is actually innocent of the offenses of conviction, however. His fourth ground is therefore procedurally barred.

Even if the claim is not procedurally barred, it is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See, e.g., United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* (citations omitted). Movant's claim challenging the application of the sentencing guidelines is not cognizable under § 2255 and should be denied.[7]

### V. PROSECUTORIAL MISCONDUCT

For the first time in his reply, Movant contends that "[d]eparture from usual procedure did

---

[7] To the extent Movant argues that his guideline calculations "should reflect that each charge is bank robbery with a note not a gun," the record shows that the Court sustained the parties' objections to the firearm enhancements applied in the PSR. (No. 3:20-CV-544-M-BH, doc. 1 at 8; *see also* doc. 63 at 3-6.) As a result, Movant did not receive enhancements for possessing or otherwise using a firearm, and his total offense level was reduced from 30 to 28, resulting in a reduced guideline imprisonment range of 78-97 months. (*See* doc. 63 at 3-6, 8.) Even if Movant's claim was cognizable in this habeas action, it is refuted by the record and without merit.

16

not allow for [the Court] to see irregular conduct and constituted clear evidence of gross prosecutorial abuse." (No. 3:20-CV-544-M-BH, doc. 9 at 2.) He argues that the "U.S. Asst. Attorney revealed and [sic] unconvincing truthful effort to disguise as legitmate [sic] a decision to increase my sentence." (*Id.*)

Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to § 2255 "specify all the grounds for relief available to the moving party." A movant may amend a § 2255 motion in accordance with Fed. R. Civ. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). New claims raised for the first time in a reply brief need not be considered, however. *See Cervantes,* 132 F.3d at 1111 (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response); *Brown v. United States*, No. 3:14-CV-4031-D (BH), 2016 WL 7187450, at *6 (N.D. Tex. Nov. 7, 2016).

Even if this claim had been properly raised in Movant's § 2255 filings and is not time-barred, it is without merit.[8] Movant does not identify what "usual procedure" was departed from, or identify or explain the "irregular conduct" that constituted "gross prosecutorial abuse."[9] (No. 3:20-CV-544-M-BH, doc. 9 at 2.) Movant's conclusory allegations of "prosecutorial abuse" are insufficient to warrant § 2255 relief. *See Koch*, 907 F.2d at 530. To the extent this claim is

---

[8] Movant again complains about "the prosecutions [sic] desire to upwardly depart from the signed and agreed upon U.S. Sentencing Guidelines of 78 to 97 months." (No. 3:20-CV-544-M-BH, doc. 9 at 2.) As discussed, the record shows that there was no agreement between Movant and the Government as to his sentence, and even if there was, the Government did not seek an upward departure.

[9] Movant states that his sentencing date was "cancelled on four seperate [sic] times, which did not allow people with strong character to say many of the positive attributes that I contributed to society." (No. 3:20-CV-544-M-BH, doc. 9 at 2.) To the extent the continuances of his sentencing hearing are the "usual procedure" from which Movant alleges there was a departure, the record shows that Movant sought and received two continuances of the hearing, and the Court *sua sponte* canceled and reset the hearing one time and changed the time of the final setting twice; the Government did not seek any continuance of the sentencing hearing. (*See* docs. 39, 46-51.) Any claim that the Government engaged in any misconduct in connection with the setting of Movant's sentencing hearing is unsupported by the record and without merit.

17

considered, it should be denied.

## VI.   EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.   RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 28, 2020 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 25th day of January, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE